UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

DAVID WARDIN,　　　　　　　　　　　　　　Case No. 09-34347-dof
　　　Debtor.　　　　　　　　　　　　　　　　　Chapter 13 Proceeding
　　　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING APPLICATION
FOR COMPENSATION OF COUNSEL FOR DEBTOR

Debtor's counsel, Marrs & Terry, PLLC, seeks compensation of $525.00 for attorney fees and $64.48 for expenses. The Chapter 13 Trustee, Carl Bekofske, objects, noting that this Seventh Fee Application, if granted, would award a total of $9,330.54 to Debtor's counsel and that the instant case is not so complex to warrant such an award. Also, the Trustee objects to the following time entry as excessive and unreasonable under 11 U.S.C. § 330(a):

07/18/2014 MM　　　CHAPTER 13 PLAN　　　　　　　　　1.00 at $250.00/hr $250.00
　　　　　　　　　　review email from client re income and budget,
　　　　　　　　　　finalize I and J, prepare plan mod, email to client for
　　　　　　　　　　approval, review client response, finalize plan mod,
　　　　　　　　　　email to client re process and payment change

At the oral argument regarding the instant Application, Debtor's counsel agreed the expenses should be reduced to $18.72. The Trustee has not argued that the hourly rate in this Fee Application is inappropriate.

JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

1

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## APPLICABLE LAW

11 U.S.C. § 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the

2

number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate."

*Id.*

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

## ANALYSIS

The Trustee did not object to the Applicant's hourly rate, so the first *Boddy* variable is not in issue. What remains is an analysis of each time entry and whether the requested fees are adequate.

Here, the July 18, 2014, entry suggests seven separate services, which the Trustee claims as duplicative of other entries. After close examination of the Application, the only entry that appears close to the July 18, 2014, entry states:

3

| 07/17/2014 MM | *CASE ADMINISTRATION* | 0.30 at $250.00/hr $75.00 |
|---|---|---|
| | review email from client, review paystubs, review changes to income and budget, revise I and J, email to client re same and plan options, review client email and respond | |

While the Court sees similarities, it does not see duplication, especially since the July 17, 2014, entry is for .3 hours for six services rendered that day. Moreover, the Court sees no reason to deviate from the traditional lodestar analysis in this case under *Boddy*. Accordingly, the Court overrules the Trustee's objection and awards fees of $525.00 and expenses of $18.72.

Counsel for the Debtor is directed to prepare an Order consistent with this Opinion and the presentment rules of this Court.

Not for Publication

**Signed on October 08, 2014**

                                              **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**